UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

TIMOTHY L. MORRIS )
NILS GRONNINGSETER )
LEONARD McMARTIN )
SHIRLEY McMARTIN )
DONALD MICHEL )
on their own behalf )
and on behalf of all others similarly )
situated, )
                                                                                                 Plaintiffs )
vs. ) Civil Action JUDGE PEARSON
                                                                   )
HEAT SURGE LLC ) MAG. JUDGE LIMBERT
)
                                                             Defendant )

## CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

### I. Nature of the Case

1. Plaintiffs, by undersigned counsel, hereby institute this Class Action Complaint against defendant Heat Surge, LLC on their own behalf and as representatives of a class consisting of all persons who have purchased "World famous Amish Built Fireplaces and Mantles" since June 6, 2007. Plaintiffs bring this action to recover damages, restitution, refunds, and/or for equitable, injunctive and declaratory relief, against Heat Surge, LLC

### II. Parties

2. Timothy L. Morris resides in Tupelo, Mississippi.

3. Nils Gronningseter resides in New Bern, North Carolina.

4. Leonard and Shirley McMartin reside in Thunder Bay, Ontario, Canada.

5. Donald Michel resides in McKeesport, Pennsylvania.

1

6. Heat Surge, LLC is an Ohio Limited Liability Company with its headquarters at 3939 Everhard Road Northwest, North Canton, OH 44709-4004.

### III. Jurisdiction

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 since this is a diversity class action lawsuit in which over $5,000,000 is at issue.

8. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

9. Members of the class are citizens of states different from defendant.

10. The claims asserted involve matters of national concern and involve interstate commerce.

11. No other class actions have asserted the same or similar claims presented in this case.

### IV. Factual Allegations

12. Plaintiffs have all purchased from defendant since June 6, 2007, a Heat Surge Fireplace with genuine Amish Mantles.

13. Plaintiffs all purchased their Heat Surge Fireplace with genuine Amish Mantles after reading advertisements similar to the advertisement attached to this complaint as plaintiffs' exhibit 1.

14. The ads falsely proclaim that the Heat Surge Fireplace will "slash your heat bills" and that they are "miracle heaters."

15. The Heat Surge Fireplace is in fact an inefficient electric heater.

16. The ads falsely imply that the fireplaces are made in the United States of America when substantial components are made in China.

17. The ads falsely imply that the fireplaces are made by Amish workers.

## V. Class Action Allegations

18. Plaintiffs bring this action on their own behalf and as representatives of a class consisting of all persons who have purchased the Heat Surge Fireplace with allegedly genuine Amish mantles since June 6, 2007. Plaintiffs bring this action to recover damages, restitution, refunds, and/or for equitable, injunctive and declaratory relief, against Heat Surge, LLC

19. Plaintiffs seek certification of the claims asserted herein pursuant to Fed. R. Civ. Pro. 23(b)(2) and/or (b)(3) for equitable, injunctive, and declaratory relief.

20. The named plaintiffs are members of the Class they seek to represent.

21. The Class is so numerous that joinder of all members is impracticable. There are more than one million persons who are members of this class.

22. There are questions of law and fact common to the Class including, but not limited to:

   a. Whether the defendant falsely stated that the fireplaces would "slash heat bills;"

   b. Whether the defendant falsely stated that the fireplaces are "miracle" heaters;

   c. Whether the defendant falsely implied that the fireplace heaters were made in the United States

   d. Whether the defendant committed fraud;

   e. Whether defendant breached the contract that it had with defendants;

   f. Whether the Uniform Commercial Code allows a refund;

3

      g.      Whether defendant committed a deceptive trade practice when advertising the Heat Surge product.

23. These and other questions of law and/or fact are common to the Class and predominate over any questions affecting only individual Class members.

24. The claims of the named Plaintiffs are typical of the claims of the respective Class they seeks to represent

25. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class he seeks to represent.

26. Plaintiffs have retained counsel competent and experienced in complex class actions to represent him and the members of the proposed Class. Accordingly, the interests of the Class will adequately be protected and advanced. In addition, there is no conflict of interest among Plaintiffs and the members of the proposed Class.

27. Class certification is appropriate pursuant to Fed. R. Civ. Pro. 23(b)(2) because Defendant has acted on grounds generally applicable to the Class, making appropriate injunctive and/or declaratory relief.

28. Class certification is also appropriate pursuant to Fed. R. Civ. Pro. 23(b)(3) because, as set forth above, common issues of law and fact predominate over any individual issues and certification of the claims as class claims is superior to other available methods for the fair and efficient adjudication of these claims. In addition, there would be enormous economies to the courts and parties in litigating these common issues on a class-wide basis rather in individual trials. Plaintiff foresees no difficulties in the management of this action as a class action.

## VI. First Cause of Action: Fraud

29. Plaintiffs hereby restate and reallege each and every allegation set forth above with the same force and effect as if set forth herein and repeated at length.

30. Defendant intentionally and falsely misstated that the Heat Surge Fireplaces would slash heating bills.

31. Defendant knew that these misrepresentations were false.

32. Defendant intended to deceive the public about the quality of the Heat Surge Fireplace and the country of origin of the heater.

33. Plaintiffs were damaged as a direct and proximate result of defendant's false and misleading advertisements.

### VII. Second Cause of Action: Breach of Contract

34. Plaintiffs hereby restate and reallege each and every allegation set forth above with the same force and effect as if set forth herein and repeated at length.

35. The parties had a contractual arrangement. Plaintiffs paid for the Heat Surge Fireplace and Mantles.

36. Defendant had a contractual obligation to provide a fireplace that would slash heating bills and that was made in the United States of America.

37. Defendant breached the contract that it had with plaintiffs.

### VIII. Third Cause of Action: Deceptive Trade Practice

38. Plaintiffs hereby restate and reallege each and every allegation set forth above with the same force and effect as if set forth herein and repeated at length.

39. Under Ohio Revised Code 4165.02, defendant committed deceptive trade practices actions by causing likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods in its Heat Surge Fireplace and Mantle.

40. Under Ohio Revised Code 4165.02 defendant committed deceptive trade practices actions by causing likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another, specifically the alleged affiliation with Amish workers.

41. Under Ohio Revised Code 4165.02 defendant committed deceptive trade practices actions by using deceptive representations or designations of geographic origin in connection with goods or services; in particular implying that the entire fireplace system is made in the United States when the heater is made in China.

42. Plaintiffs were damaged as a result of these misrepresentations by paying more than the goods were worth.

43. Plaintiffs are seeking damages and injunctive relief pursuant to Ohio Revised Code Section 4165.03.

### IX. Fourth Cause of Action Unjust Enrichment

44. Plaintiffs hereby restate and reallege each and every allegation set forth above with the same force and effect as if set forth herein and repeated at length.

45. Defendant's actions caused it to be unjustly enriched at plaintiffs' expense.

### X. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter a judgment against the Defendant and in favor of the Plaintiffs and the Class and award the following relief:

> A. That this action be certified as a class action on behalf of the proposed class described herein and that counsel of record be appointed to represent the class;
> 
> B. That this Court award Compensatory and punitive damages, as the Court may

determine.

C. That this Court award Costs, including experts' fees and attorneys' fees and expenses, and costs of prosecuting this action.

D. Such other further relief as the Court deems just and proper.

_____
JOEL D. JOSEPH
Member of the Bar of the United States
District Court for the Northern District of Ohio
Attorney for Plaintiff
9935 S. Santa Monica Blvd.
Beverly Hills, CA 90212
(310) 623-3872

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves, and all others similarly situated, hereby demand a jury trial.

*[Signature]*
JOEL D. JOSEPH