PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY L. MORRIS, *et al.*, | ) | CASE NO. 5:11CV00223 |
| | ) | |
| Plaintiffs | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| HEAT SURGE, LLC | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM AND ORDER OF** |
| | ) | **OPINION** (ECF Nos. 19, 20, 22 ) |

## I.  INTRODUCTION

Before the Court are Defendant Heat Surge, LLC's ("Heat Surge") Motion to Dismiss

Plaintiffs' First Amended Class Action Complaint (ECF No. 20) and Motion to Strike Class

Allegations from Amended Complaint (ECF No. 22), and Plaintiffs Timothy L. Morris, Nils

Gronningseter, Leonard McMartin, Shirley McMartin and Donald Michel's ("Plaintiffs") Motion

for Preliminary Injunction (ECF No. 19).  For the reasons discussed below, the Court grants, in

part, Heat Surge's Motion to Dismiss and denies as moot Heat Surge's Motion to Strike Class

Allegations, and denies Plaintiffs' Motion for Preliminary Injunction.

## II.  BACKGROUND

On May 23, 2011, Plaintiffs amended the putative class action complaint filed against

Heat Surge on their own behalf and as representatives of all purchasers of portable electric

fireplaces with Amish-built mantels manufactured, marketed, and distributed by Heat Surge (the

"Product").  ECF No. 16.  In their Amended Complaint, Plaintiffs assert the following causes of

(5:11CV00223)

action: (1) fraud; (2) breach of contract; (3) deceptive trade practices *via* the Ohio Consumer Sales Practices Act ("OCSPA") and (4) unjust enrichment.  The causes of action are premised upon the allegation that Heat Surge's advertisements "falsely imply that the fireplaces are made in the United States of America when substantial components are made in China." ECF No. 16 at 3, ¶ 17.

On May 23, 2011, Plaintiffs filed a motion for preliminary injunction, asking the court to require Defendant, in all advertising for Heat Surge Fireplaces, "to prominently state that the heating unit is made in China." ECF No. 19.  And on June 6, 2011, Defendant moved to dismiss the Amended Complaint (ECF No. 20) and strike the Amended Complaint's class allegations (ECF No. 22).

All motions have been fully briefed and are now ripe for ruling.

### III.  DISCUSSION

**A.  Defendant's Motion to Dismiss**

In its motion to dismiss, Heat Surge contends that none of the purported causes of action in the Amended Complaint have been pleaded with sufficient facts to state a claim that is plausible on its face.  Thus, Heat Surge urges the Court to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  The Court addresses Heat Surge's arguments and Plaintiffs' response below.

**1.  Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The standard does not

(5:11CV00223)

require "detailed factual allegations," but it does require more than "labels and conclusions" and must state a claim for relief that is plausible on its face. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570 (U.S. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (U.S. 2009). *See also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir. 2009).

In deciding a motion to dismiss under Rule 12(b)(6), the court must take all well-plead allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### 2. Fraud Claim

Heat Surge argues that Plaintiffs' fraud claim must be dismissed for two reasons: (1) Plaintiffs' failed to plead justifiable reliance and materiality–two necessary elements of a fraud claim, and (2) Plaintiffs have failed to plead the fraud claim with particularity, as required under Fed. R. Civ. P. 9(b). ECF Nos. 20-1 at 13-17 and 26 at 3-6. In their two-page responsive brief, Plaintiffs retort:

> Plaintiffs have all claimed that they relied on Heat Surge's implication of Made in the USA attributes and believed that the device was made in the United States.

(5:11CV00223)

> This is clearly pleaded reliance. This factor, where the heater was actually made, is without a doubt material. All of these matters were pleaded with particularity.

ECF No. 24 at 2.

The Court finds that Plaintiffs' fraud claim fails to comply with the heightened pleading standard of Rule 9(b).  Pursuant to Fed. R. Civ. P. 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100, (6th Cir. 2010), (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)). The Sixth Circuit interprets "Rule 9(b) as requiring plaintiffs to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Id.* (citing *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) (emphasis added)).  In other words, a party's complaint must contain, at a minimum, the "who, what, when, where, and how of the alleged fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006). "[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783, n.5 (4th Cir. 1999).

Plaintiffs' Amended Complaint fails to sufficiently allege the content of the Defendants' alleged misrepresentation.  The complaint contains only the vague allegation that Heat Surge's "advertisements *similar* to [the] advertisement attached to the complaint . . . falsely imply that the fireplaces are made in the United States of America." ECF No. 16 at 3 and 31 (emphasis added).  The complaint does not identify any statement from the advertisements that is either

-4-

(5:11CV00223)

alleged to be false or alleged to give rise to a false implication.  The Amended Complaint also does not allege the time and place of the alleged misrepresentations, as also required under Rule 9(b).  Accordingly, Plaintiffs' fraud claim is dismissed.

### 3. Breach of Contract Claim

"Under Ohio law, a breach of contract claim is generally pleaded by stating (1) the terms of the contract, (2) the performance by the plaintiff of his obligations, (3) the breach by the defendant, (4) damages, and (5) consideration." *Wells Fargo Bank, N.A. v. Favino*, 2011 U.S. Dist. Lexis 35618 (N.D. Ohio 2011) (citing *American Sales, Inc. v. Boffo*, 71 Ohio App. 3d 168, 593 N.E.2d 316, 321 (Ohio App. 1991) (internal quotations omitted)).

Plaintiffs allege the following in the Amended Complaint:

> The parties had a contractual arrangement. Plaintiffs paid for the Heat Surge Fireplace and Mantles. []Defendant had a contractual obligation to provide a fireplace that was made in the United States of America. [] Defendant breached the contract that it had with plaintiffs.

ECF No. 16 at 5.

Heat Surge contends that Plaintiffs' breach of contract claim fails because the Amended Complaint is "completely devoid of factual allegations to establish [the] claim." ECF No. 20-1 at 17.  The Court agrees.

As Heat Surge has pointed out in its brief, Plaintiffs have not pleaded the existence of a contract with Heat Surge.  ECF No. 20-1.  While the Amended Complaint contains a generic allegation that the parties had a "contractual arrangement," there lacks any indication how this "contractual arrangement" was formed and whether it was supported by consideration.  Plaintiffs allege that "they paid for Heat Surge Fireplace and Mantles."  But they do not disclose to whom

(5:11CV00223)

they paid, in consideration for the alleged defective product. This omission is fatal to the contract claim. *See Carlisle v. T & R Excavating, Inc.*, 123 Ohio App. 3d 277, 704 N.E.2d 39, 42 (Ohio App. Ct. 1997) (holding that a contract cannot exist without consideration and that consideration does not exist where there is no bargained for benefit or detriment).

The Court finds that the claim also suffers from additional pleading deficiencies. There lacks sufficient factual matter detailing the terms of the alleged agreement, and there lacks information demonstrating how Heat Surge breached the alleged agreement. Plaintiffs' conclusory and vague assertions that Heat Surge had a contractual obligation and breached the contract are inadequate.

In light of the foregoing, the Court holds that Plaintiffs' breach of contract claim is dismissed for failure to state a claim for which relief could be granted.

**4. OCSPA Claims**

Plaintiffs' third cause of action alleges that Heat Surge violated the OCSPA. The OCSPA prohibits suppliers from committing unfair, deceptive, and unconscionable acts or practices in connection with a consumer transaction. Ohio Rev. Code §§ 1345.02-.03.

Heat Surge argues that these claims should be dismissed because Plaintiffs failed to plead the necessary elements of its class-action OCSPA claims.

In support of its argument, Heat Surge principally relies upon the Supreme Court of Ohio decision, *Marrone v. Philip Morris USA*, 110 Ohio St.3d 5, 2006 Ohio 2869, 850 N.E.2d 31 (2006). In *Marrone*, the Court clarified that, with respect to class action OCSPA claims, pursuant to Ohio Rev. Code § 1345.09(B),

(5:11CV00223)

> a consumer may qualify for class action status only when a supplier acted in the face of prior notice that its conduct was deceptive or unconscionable.  The prior notice may be in the form of (1) a rule adopted by the Attorney General under R.C. 1345.05(B)(2) or (2) court decision made available for public inspection by the Attorney General under R.C. 1345.05(A)(3).

*Marrone*, 2006 Ohio Lexis 1859, at *7.

In the instant case, neither of the prerequisites set forth in Ohio Rev. Code § 1345.09(B) have been alleged in the Amended Complaint.  Specifically, Plaintiffs fail to identify a specific rule or court decision that places Heat Surge on notice of its alleged deceptive act.  This is detrimental to their class action OCSPA claim.  *See City of Findlay v. Hotels. Com, L.P.*, 441 F.Supp.2d 855, 863 (N.D. Ohio 2006) (dismissing class action OCSPA claim where plaintiff failed to allege two prerequisites set forth in § 1345.09(B)); *Johnson v. Microsoft Corp.*, 155 Ohio App.3d 626, 636-38, 802 N.E.2d 712 (2003) (upholding dismissal of a class action OCSPA claim under Rule 12(b)(6) in part because the plaintiff failed to plead either notice element).

While Plaintiffs' class action OCSPA claim fails for the reason above, the OCSPA permits individual claims.  *See* O.R.C. § 1345.09.  Because Defendant has only attacked Plaintiffs' class action OCSPA claim, Plaintiffs' OCSPA claim, made on behalf of the named Plaintiffs, survives the instant motion .  *See McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733, 758 (N.D. Ohio 2010) (declining to dismiss the individual OCSPA claim, even though the class-based OCSPA claim was dismissed).

### 5.  Unjust Enrichment Claim

Heat Surge argues that Plaintiffs' final claim for unjust enrichment should be dismissed because Plaintiffs failed to plead the requisite elements establishing the claim.  ECF Nos. 20-1 at

(5:11CV00223)

23 and 26 at 7-8.

"To adequately plead a claim for unjust enrichment in Ohio, a plaintiff must allege the following elements: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment[.]" *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984).

Plaintiffs' unjust enrichment claim is pleaded as follows: "Defendant's actions caused it to be unjustly enriched at plaintiffs' expense." ECF No. 16 at 7.

The Court finds Plaintiffs' claim, as pleaded, inadequate.  At no point in the Amended Complaint do Plaintiffs allege facts demonstrating that Plaintiffs conferred a benefit upon Heat Surge, that Heat Surge was aware of said benefit, or that Heat Surge retained the benefit unjustly. As indicated in the Court's discussion of Plaintiffs' breach of contract claim, the Amended Complaint lacks any factual allegations concerning the details of how Plaintiffs purchased the products at issue, including and specifically whether Plaintiffs paid Heat Surge for the products. The absence of these basic allegations are absolutely fatal to Plaintiffs' claim.  And, although in their reply brief, Plaintiffs respond to the arguments raised by Heat Surge, by stating that "Plaintiffs alleged direct purchases from Defendant" (ECF No. 24 at 2), they fail to pinpoint in the complaint where this allegation is stated.

Accordingly, the Court concludes that Plaintiffs' Amended Complaint fails to state a claim for unjust enrichment against Heat Surge.  The claim is, therefore, dismissed.

-8-

(5:11CV00223)

### B.  Defendant's Motion to Strike Class Allegations

In addition to moving the Court to dismiss the Amended Complaint, Heat Surge has also moved the Court to strike all of the class allegations contained therein.  ECF No. 22.  In light of the Court's determination that all of Plaintiffs' claims fail, with the exception of the  OCSPA claim alleged on behalf of the named Plaintiffs, the Court denies the motion as moot.  NO actionable class allegations remain.

### C.  Plaintiffs' Motion for Preliminary Injunction

In Plaintiffs' Motion for Preliminary Injunction, they request that the Court require Heat Surge to prominently state in their advertisements that the products are made in China.  ECF No. 19.  They assert that this requirement would cure the alleged misleading nature of the advertisements.  In support of their position that the advertisements are deceptive and therefore demand modification, in their brief,[1]  Plaintiffs highlight that portions of the advertisement attached to the Amended Complaint containing the following phrases:  "Made in the USA," "Handmade in the USA," and "Amish made."  ECF Nos. 19-1 and 16 at 9.  According to Plaintiffs, the presence of these phases prove that Heat Surge's advertisements are deceptive because they are inconsistent with Heat Surge's admission "that the heater in its fireplace mantel is made in China."  ECF No. 19-1 at 1.

Heat Surge responds by stating: "Contrary to Plaintiffs' assertions, nowhere [sic] in Heat Surge, LLC's advertising does Heat Surge unqualifiedly say that Heat Surge's ROLL-N-GLOW

---

[1]  These explanations concerning the deceptiveness of Defendant's advertisements <u>are not</u> present in the Amended Complaint, nor in Plaintiffs' brief in opposition to the motion to dismiss.

(5:11CV00223)

electronic fireplace is 'Made in the USA.'"  ECF No. 21 at 2.  Relying upon the context in which

the phrases were used in the advertisement attached to the Amended Complaint, Heat Surge

further states that  "every time the phrase 'Amish made' or 'Made in USA' is used by Heat

Surge, it is qualified to refer only to the wooden mantel component of the [the product]" and not

the electronic heating component.  ECF No. 21 at 2.

     Additionally, Heat Surge contends that Plaintiffs have failed to support their request for a

preliminary injunction with any evidentiary material demonstrating the alleged deceptiveness of

Heat Surge's advertisements, and have also failed to demonstrate by clear and convincing

evidence that a preliminary injunction is warranted.  Thus, Heat Surge argues that the instant

motion must fail.  ECF No. 21.

     A "preliminary injunction is an extraordinary remedy involving the exercise of a very far-

reaching power, which is to be applied only in the limited circumstances which clearly demand

it." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).  When ruling on a motion for

preliminary injunction, a court must consider and balance four standards: (1) whether the movant

has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable

injury without the injunction; (3)whether issuance of the injunction would cause substantial harm

to others; and (4) whether the public interest would be served by issuance of the injunction.

*Frisch's Restaurant, Inc. v. Shoney's Inc.*, 759F.2d 1261, 1263 (6th Cir. 1985); Am. *Family Life*

*Ins. Co. v. Hagan*, 266 F. Supp. 2d 682, 687 (N.D. Ohio 2002).  "Although the four factors must

be balanced, the demonstration of some irreparable injury is a *sine qua non* for issuance of an

injunction." *Patio Enclosures, Inc. v. Herbst*, 39 Fed. Appx. 964, 967 (6th Cir. 2002) (citing

-10-

(5:11CV00223)

*Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir.1982)).

"The party seeking the injunction must establish its case by clear and convincing evidence." *Honeywell, Inc. v. Brewer-Garrett Co.*, 1998 U.S. App. Lexis 601, * 7 (6th Cir. 1998). *See also*, *Deck v. City of Toledo*, 29 F. Supp.2d 431, 433 (N.D. Ohio 1998). And the Court is not required to hold an evidentiary hearing on a motion for a preliminary injunction if, the defendant does not dispute the material facts presented by the plaintiff, and if the issues before the Court are primarily questions of law. *See Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 552-53 (6th Cir. 2007).

Recognizing that no single factor is a prerequisite that must be satisfied, it is apparent that, in the instant case, given the rulings indicated above, the Court need only examine whether Plaintiffs have made a showing of irreparable injury--the second factor in the Court's preliminary injunction analysis. Having completed this analysis, the Court concludes that Plaintiffs have not shown any indication of injury, irreparable or otherwise. In fact, in Plaintiffs' reply brief, the named Plaintiffs concede that they "will not suffer irreparable harm,"if the preliminary injunction is denied. ECF No. 23 at 1. They do, however, argue that they have made a showing of irreparable injury, on behalf of the putative class members. Plaintiffs state "new members of the class and many consumers will be irreparably harmed by the blatantly misleading advertising." ECF No. 23 at 1.

Plaintiffs' argument unavailing. As indicated above, the Court has dismissed all of the class action allegations in the Amended Complaint. Therefore, any harm experienced by putative class members is inconsequential to the Court's analysis.

-11-

(5:11CV00223)

Thus, in light of the named Plaintiffs' admission that they will not suffer irreparable injury in the absence of an injunction, the Court has no legal recourse other than to deny the instant motion.[2]  *See Patio Enclosures, Inc., 39 Fed. Appx. at 967.*

Hence, the instant motion is denied.

## IV.  CONCLUSION

For the reasons stated above, the Court grants, in part, Heat Surge's Motion to Dismiss (ECF No. 20), denies Plaintiffs' Motion for a Preliminary Injunction (ECF No. 19), and denies, as moot, Heat Surge's Motion to Strike Class Allegations (ECF No. 22).

IT IS SO ORDERED.

  March 9, 2012                                    */s/ Benita Y. Pearson*
Date                                               Benita Y. Pearson
                                                   United States District Judge

---

[2]  The Court need not address the remaining the elements in the Court's preliminary injunction analysis.  The Court concludes that even if an analysis of the third and fourth elements would support granting the instant motion, Plaintiffs would still not have met their burden for issuance of a preliminary injunction