## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| TIMOTHY L. MORRIS, NILS GRONNINGSETER, LEONARD McMARTIN, SHIRLEY McMARTIN,  DONALD MICHEL, R.J LEE, NADINE LOWE, SEAN DUNN, AND CARMEN DUNN, | Case No. 5:11-cv-0223-BYP<br><br>JUDGE BENITA Y. PEARSON |
| Plaintiffs, | |
| -vs.- | **ANSWER OF DEFENDANT HEAT SURGE, LLC TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| HEAT SURGE, LLC, | |
| Defendant. | **JURY DEMAND ENDORSED HEREON** |

Now comes Defendant Heat Surge, LLC ("Heat Surge"), and for its Answer to the Amended Complaint (Dkt. No. 16) of Plaintiffs Timothy L. Morris, Nils Gronningseter, Leonard McMartin, Shirley McMartin, Donald Michel, R.J. Lee, Nadine Lowe, Sean Dunn and Carmen Dunn (collectively, "Plaintiffs"), hereby states as follows:

### I.  NATURE OF THE CASE.

1.      Heat Surge denies the allegations contained in paragraph 1 of Plaintiff's First Amended Complaint.

### II.  PARTIES.

2.      Heat Surge lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Amended Complaint.  Therefore, Plaintiff denies the allegations contained in paragraph 2 of Plaintiff's Amended Complaint.

3.      Heat Surge lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Amended Complaint.  Therefore, Plaintiff denies the allegations contained in paragraph 3 of Plaintiff's Amended Complaint.

4.      Heat Surge lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Amended Complaint.  Therefore, Plaintiff denies the allegations contained in paragraph 4 of Plaintiff's Amended Complaint.

5.      Heat Surge lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Amended Complaint.  Therefore, Plaintiff denies the allegations contained in paragraph 5 of Plaintiff's Amended Complaint.

6.      Heat Surge lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Amended Complaint.  Therefore, Plaintiff denies the allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7.      Heat Surge lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Amended Complaint.  Therefore, Plaintiff denies the allegations contained in paragraph 7 of Plaintiff's Amended Complaint.

8.      Heat Surge lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Amended Complaint.  Therefore, Plaintiff denies the allegations contained in paragraph 8 of Plaintiff's Amended Complaint.

9.      Heat Surge admits the allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

**III. JURISDICTION.**

10.      Heat Surge denies the allegations contained in paragraph 10 of Plaintiff's First Amended Complaint.  Further answering, Heat Surge states that all class allegations contained in Plaintiffs' First Amended Complaint have been dismissed by this Honorable Court by virtue of its Memorandum Opinion and Order dated March 9, 2012 (Dkt. No. 30).

11.      Heat Surge denies the allegations contained in paragraph 11 of Plaintiff's First Amended Complaint.

12.     Heat Surge denies the allegations contained in paragraph 12 of Plaintiff's First Amended Complaint.  Further answering, Heat Surge states that all class allegations contained in Plaintiffs' First Amended Complaint have been dismissed by this Honorable Court by virtue of its Memorandum Opinion and Order dated March 9, 2012 (Dkt. No. 30).

13.     Heat Surge denies the allegations contained in paragraph 13 of Plaintiff's First Amended Complaint.  Further answering, Heat Surge states that all class allegations contained in Plaintiffs' First Amended Complaint have been dismissed by this Honorable Court by virtue of its Memorandum Opinion and Order dated March 9, 2012 (Dkt. No. 30).

14.     Heat Surge admits the allegations contained in paragraph 14 of Plaintiff's Amended Complaint.  Further answering, Heat Surge states that all class allegations contained in Plaintiffs' First Amended Complaint have been dismissed by this Honorable Court by virtue of its Memorandum Opinion and Order dated March 9, 2012 (Dkt. No. 30).

IV. FACTUAL ALLEGATIONS.

15.     Heat Surge denies the allegations contained in paragraph 15 of Plaintiff's First Amended Complaint.

16.     Heat Surge lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.  Therefore, Plaintiff denies the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17.     Heat Surge denies the allegations contained in paragraph 17 of Plaintiff's First Amended Complaint.

V.  CLASS ACTION ALLEGATIONS.

18.     As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 18 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 18 of Plaintiff's First Amended Complaint.

3

19.     As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 19 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 19 of Plaintiff's First Amended Complaint.

20.     As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 20 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 20 of Plaintiff's First Amended Complaint.

21.     As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 21 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 21 of Plaintiff's First Amended Complaint.

22.     As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 22 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 22 of Plaintiff's First Amended Complaint.

23.     As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 23 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 23 of Plaintiff's First Amended Complaint.

24.     As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 24 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 24 of Plaintiff's First Amended Complaint.

25.    As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30), no response is required to paragraph 25 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 25 of Plaintiff's First Amended Complaint.

26.    As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 26 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 26 of Plaintiff's First Amended Complaint.

27.    As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 27 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 27 of Plaintiff's First Amended Complaint.

28.    As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 28 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 28 of Plaintiff's First Amended Complaint.

29.    As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 29 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 29 of Plaintiff's First Amended Complaint.

## VI. RESPONSE TO FIRST CAUSE OF ACTION:  FRAUD.

30.    In response to the allegations in paragraph 30 of Plaintiff's First Amended Complaint, Heat Surge restates and incorporates herein the responses set forth in each preceding paragraph of this Answer as if fully rewritten herein.

31.     As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 31 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 31 of Plaintiff's First Amended Complaint.

32.     As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 32 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 32 of Plaintiff's First Amended Complaint.

33.     As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 33 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 33 of Plaintiff's First Amended Complaint.

34.     As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 34 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 34 of Plaintiff's First Amended Complaint.

## VII.     RESPONSE TO SECOND CAUSE OF ACTION:  BREACH OF CONTRACT.

35.     In response to the allegations in paragraph 35 of Plaintiff's First Amended Complaint, Heat Surge restates and incorporates herein the responses set forth in each preceding paragraph of this Answer as if fully rewritten herein.

36.     As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 36 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 36 of Plaintiff's First Amended Complaint.

37.     As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 37 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 37 of Plaintiff's First Amended Complaint.

38.     As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 38 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 38 of Plaintiff's First Amended Complaint.

**VIII.   RESPONSE TO THIRD CAUSE OF ACTION:  DECEPTIVE TRADE PRACTICE.**

39.     In response to the allegations in paragraph 39 of Plaintiff's First Amended Complaint, Heat Surge restates and incorporates herein the responses set forth in each preceding paragraph of this Answer as if fully rewritten herein.

40.     Heat Surge denies the allegations contained in paragraph 40 of Plaintiff's First Amended Complaint.

41.     Heat Surge denies the allegations contained in paragraph 41 of Plaintiff's First Amended Complaint.

42.     Paragraph 42 of Plaintiff's First Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 42 of Plaintiff's First Amended Complaint.

43.     Heat Surge denies the allegations contained in paragraph 43 of Plaintiff's First Amended Complaint.

44.     Heat Surge denies the allegations contained in paragraph 44 of Plaintiff's First Amended Complaint.

45.      Heat Surge denies the allegations contained in paragraph 45 of Plaintiff's First Amended Complaint.

46.      Heat Surge denies the allegations contained in paragraph 46 of Plaintiff's First Amended Complaint.

47.      Heat Surge denies the allegations contained in paragraph 47 of Plaintiff's First Amended Complaint.

## IX. RESPONSE TO FOURTH CAUSE OF ACTION:  UNJUST ENRICHMENT.

48.      In response to the allegations in paragraph 48 of Plaintiff's First Amended Complaint, Heat Surge restates and incorporates herein the responses set forth in each preceding paragraph of this Answer as if fully rewritten herein.

49.      As a result of the Court's ruling on March 9, 2012 (Dkt. No. 30) no response is required to paragraph 49 of Plaintiff's First Amended Complaint.  To the extent a response is required, Heat Surge denies the allegations contained in paragraph 49 of Plaintiff's First Amended Complaint.

50.      To the extent that any response is required to the Prayer for Relief, Heat Surge denies each and every allegation contained therein.

51.      Heat Surge denies all remaining allegations and conclusions heretofore not expressly admitted.

### AFFIRMATIVE DEFENSES

1.      Plaintiffs' First Amended Complaint fails to state a cause of action upon which relief may be granted pursuant to Fed. Civ. R. 12(b)(6) and Fed. R. Civ. P. 12(c).

2.      Plaintiffs' First Amended Complaint must be dismissed due to an insufficiency of process.

3.      Plaintiffs' First Amended Complaint must be dismissed due to an insufficiency of service of process.

4.      Plaintiffs' First Amended Complaint must be dismissed due to lack of subject matter jurisdiction.

5.      Plaintiffs' First Amended Complaint is barred, in whole or in part, by its failure to mitigate the damages it alleges.

6.      Plaintiffs' First Amended Complaint is barred by the doctrines of waiver, estoppel, and laches.

7.      Any damages alleged by the Plaintiffs were caused by the negligence, action, failure to act, omission, and/or other conduct by third-parties over whom Heat Surge had no control.

8.      Plaintiffs' First Amended Complaint is barred because of the doctrine of unclean hands.

9.      Plaintiffs' First Amended Complaint is barred because Heat Surge acted under a privilege, qualified or absolute.

10.     Plaintiffs' First Amended Complaint must be dismissed pursuant to the doctrine of preemption.

11.     Plaintiffs' First Amended Complaint is barred by the applicable statutes of limitations.

12.     Plaintiff's First Amended Complaint is barred because Heat Surge acted in good faith.

13.     Plaintiff's Amended Complaint is barred due to the failure to join necessary and/or indispensable parties.

14.     The foregoing defenses are raised by Heat Surge without waiver of any other defenses that may come to light during discovery proceedings or otherwise.  Hear Surge hereby reserves the right to amend or supplement this Answer to assert any other defenses as they become available.

**WHEREFORE,** Defendant Heat Surge, LLC denies that Plaintiffs Timothy L. Morris, Nils Gronningseter, Leonard McMartin, Shirley McMartin, Donald Michel, R.J. Lee, Nadine Lowe, Sean Dunn and Carmen Dunn are entitled to any relief whatsoever and respectfully request judgment dismissing Plaintiffs' First Amended Complaint with prejudice and with such costs and attorneys' fees as may be allowed by law, and any other further relief the Court deems appropriate.

Dated:  March 22, 2012                         Respectfully submitted,

                                               **TZANGAS, PLAKAS, MANNOS &
                                               RAIES, LTD.**

                                               /s/ Edmond J. Mack
                                               Gary A. Corroto (0055270)
                                               Lee E. Plakas (0008628)
                                               Edmond J. Mack (0082906)
                                               220 Market Avenue South
                                               8th Floor
                                               Canton, Ohio 44702
                                               Tel. 330.455.6112
                                               Fax. 330.455.2108
                                               E-mail. emack@lawlion.com

                                               *Attorneys for Defendant Heat Surge, LLC*


**JURY DEMAND**

Heat Surge, LLC demands a trial by jury in the within action on all issues so triable.


                                               /s/ Edmond J. Mack
                                               Edmond J. Mack
                                               *One of the Attorneys for Defendant Heat
                                               Surge, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been filed and served electronically on the 22nd day of March 2012 upon all parties currently registered for this matter in the Court's electronic filing system.

/s/ Edmond J. Mack
Edmond J. Mack
*One of the Attorneys for Defendant Heat Surge, LLC*

11